**FILED**
**Jun 25, 2018**
**10:57 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| **JURINE HANCOCK,**<br>　　　　**Employee,** ) | **Docket No. 2017-08-1354** |
| **v.** ) | |
| **FEDERAL EXPRESS** ) | **State File No. 938-2017** |
| **CORPORATION,** ) | |
| 　　　　**Employer,** ) | |
| **And** ) | |
| **ACE AMERICAN INSURANCE CO.,** ) | **Judge Deana Seymour** |
| 　　　　**Insurance Carrier.** ) | |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

This case came before the Court on June 1, 2018, upon Jurine Hancock's Request for Expedited Hearing. The central legal issue is whether Ms. Hancock is likely to prevail at a hearing on the merits for entitlement to medical and temporary disability benefits. The Court holds she is not and denies her request for benefits at this time.

### History of Claim

Ms. Hancock worked as a ramp agent for Federal Express Corporation (FedEx). On December 20, 2016, she experienced a cardiac event and collapsed at work. Two co-workers, Erica Loyd and Shaun Alexander, witnessed the incident and called an ambulance. The paramedics resuscitated Ms. Hancock, and she spent nine days at Methodist University Hospital.

Following her discharge, Ms. Hancock received follow-up care with multiple providers. In addition to monitoring Ms. Hancock's heart issues, the providers also treated secondary injuries to her knees, left shoulder, and nose that she sustained when she fell. None of the providers addressed the issue of medical causation in the records the parties submitted.

1

FedEx denied the claim due to the lack of medical documentation supporting a work-related injury and the absence of a causal relationship to work. Moreover, it maintained that Ms. Hancock did not describe a set of incidents that would have resulted in her cardiac event. Afterward, Ms. Hancock filed a Petition for Benefit Determination, asking the Court to order FedEx to provide medical treatment and pay temporary disability benefits.

Ms. Hancock testified credibly at the hearing. She stated that she worked eleven days in a row when the episode occurred. She estimated that she worked twelve- to thirteen-hour shifts during this time. She denied any history of heart disease but admitted that her father died from a heart attack. She relied on the statements of Ms. Loyd and Ms. Alexander to describe the incident itself, as she was incapacitated at the time and did not recall much about the events of that day.

Ms. Loyd indicated she and Ms. Hancock were walking toward the staging area talking about which freight still needed to be unloaded when Ms. Hancock collapsed. Ms. Loyd noticed Ms. Hancock bleeding from the impact. She asked a supervisor to call for medical assistance, and then she stayed with Ms. Hancock until the paramedics arrived.

Ms. Alexander stated she unloaded freight with Ms. Hancock that morning and saw Ms. Hancock collapse. Ms. Alexander described the ramp agent job as very demanding, and during the holiday season, agents are required to work long hours with very little time to rest. During the week of Christmas, FedEx asked agents to work seven full days to ensure that packages arrived on time.

## Findings of Fact and Conclusions of Law

### Standard Applied

Ms. Hancock bears the burden of proof on the essential elements of her claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). She does not have to prove every element of her claim by a preponderance of the evidence but must present sufficient evidence for the Court to determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

### Causation

To prove a compensable injury, Ms. Hancock must show her alleged injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(14) (2017). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering

2

all causes." *Id*. This contribution must be established to a reasonable degree of medical certainty, which means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility. *Id*.

Here, Ms. Hancock introduced no medical proof of a work injury. While the Court recognizes the physical demands placed on Ms. Hancock and her co-workers during the holiday season, no physician has determined that these demands caused Ms. Hancock's cardiac event. Thus, the Court holds Ms. Hancock is unlikely to prevail at a hearing on the merits for entitlement to medical and temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Hancock's claim against FedEx for medical and temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing **on July 30, 2018, at 9:30 a.m. Central Standard Time.** The parties must call (toll-free) 866-943-0014 to participate in the Hearing. Failure to call in may result in a determination of the issues without the parties' participation.

**Entered June 25, 2018**.


**JUDGE DEANA SEYMOUR**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Notarized statement of Erica Loyd
2. Notarized statement of Shaun Alexander
3. Medical records from Sutherland Cardiology Clinic and Methodist University Hospital (Collective)
4. Medical records filed by Ms. Hancock during mediation (Collective)
5. C-20 Employer's First Report of Work Injury or Illness
6. C-23 Notice of Denial of Claim for Compensation
7. Medical Records with Table of Contents (Collective)

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Motion to Withdraw as Counsel
4. Request for Expedited Hearing and attached affidavit (Collective)
5. Order on Motion to Withdraw and Show Cause Hearing

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on June 25, 2018.

| Name | Certified Mail | Fax | Email | Service Sent to: |
|---|---|---|---|---|
| Jurine Hancock, Self-Represented Employee | | | X | hancock3078@comcast.net |
| Joseph Fletcher, Employer's Attorney | | | X | jfletcher@lewisthomason.com |

_Penny Shrum_

**PENNY SHRUM, CLERK**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | |
|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

Amount Owed             To Whom

_____       _____

_____       _____

_____       _____

_____       _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____